

1 | **PRUETZ LAW GROUP LLP**
2 | Adrian M. Pruetz (Bar No. 118215)
  | ampruetz@pruetzlaw.com
3 | Erica J. Pruetz (Bar No. 227712)
4 | ejpruetz@pruetzlaw.com
  | 200 N. Sepulveda Blvd., Suite 1525
5 | El Segundo, California 90245
  | Telephone:  310.765.7650
6 | Facsimile:   310.765.7641
7 |
8 | Attorneys for Plaintiffs
  | TIX CORPORATION
9 | TIX 4 TONIGHT, LLC

FILED
2009 OCT 23  PM 3:59

COPY

10 |              UNITED STATES DISTRICT COURT

11 |              CENTRAL DISTRICT OF CALIFORNIA

12 |                    WESTERN DIVISION

CV09-7746 GHK (CTx)

| | |
|---|---|
| 13 TIX CORPORATION, a Delaware | CASE NO. |
| 14 corporation and TIX4TONIGHT, LLC, | |
| a Nevada limited liability company, | COMPLAINT FOR: |
| 15 | (1)  FEDERAL TRADEMARK |
| 16 Plaintiffs, | INFRINGEMENT; |
| | (2)  FEDERAL TRADE DRESS |
| 17 | INFRINGEMENT AND UNFAIR |
| v. | COMPETITION; AND |
| 18 | (3)  COMMON LAW UNFAIR |
| 19 VEGAS.COM, LLC, a Nevada limited | COMPETITION; |
| liability company and | |
| 20 VEGASTIX4LESS, LLC, a Nevada | [JURY TRIAL DEMANDED] |
| limited liability company, | |
| 21 | |
| 22 Defendants. | |
| 23 | |

24
25
26
27
28

Complaint

1       Plaintiffs Tix Corporation ("TIX") and its wholly owned subsidiary

2 Tix4Tonight, LLC ("TIX4TONIGHT"), which also does business as Tix4Dinner,

3 Tix4Golf, Tix4Members, Tix4AnyEvent and Tix Productions allege as follows:

4

5                      **JURISDICTION AND VENUE**

6      1.      The First and Second claims for relief arise under the Lanham Act, 15

7 U.S.C. §§ 1051, *et. seq.* This Court has original jurisdiction over these claims under

8 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

9      2.      The Third claim for relief arises under California law. This court has

10 supplemental jurisdiction over this claim under 28 U.S.C. § 1367 because it is so

11 related to the claims described in paragraph 1 above as to form part of the same case

12 or controversy.

13      3.      On information and belief, venue is proper in this District under 28

14 U.S.C. §§ 1391(c) because defendants have caused damage to plaintiffs in the

15 United States and in this District and are subject to personal jurisdiction in this

16 District.

17                             **PARTIES**

18      4.      Plaintiff TIX is a company organized and existing under the laws of

19 Delaware with office and principal place of business at 12001 Ventura Pl., Suite

20 340, Studio City, California 91604. TIX is a publicly traded company that sells

21 discount tickets to shows and sporting events, sells branded merchandise, and also

22 produces and presents first class musicals and other shows, in the United States, the

23 State of California and in this District.

24      5.      Plaintiff TIX4TONIGHT is a limited liability company and wholly

25 owned subsidiary of TIX, organized and existing under the laws of Nevada with

26 office and principal place of business at 12001 Ventura Pl., Suite 340, Studio City,

27 California 91604. TIX4TONIGHT sells discount tickets to shows, dinner and golf.

28

Complaint

1    6.    Upon information and belief Vegas.com, LLC ("VEGAS.COM" or

2 "defendant") is a Nevada limited liability company with its office and principal

3 place of business at 901 N. Green Valley Parkway, Henderson, Nevada 89074.

4 Upon information and belief, VEGAS.COM sells discount tickets in California at

5 booths located at the Burbank airport and in Baker, California.  VEGAS.COM also

6 extensively advertises and promotes its goods and services in California, including

7 but not limited to, advertising in the Los Angeles Times, in television commercials

8 and via its website.

9    7.    Upon information and belief, defendant VegasTix4Less, LLC

10 ("Tix4Less" or "defendant") is a Nevada limited liability company owned and

11 operated by VEGAS.COM, with its office and principal place of business at 901 N.

12 Green Valley Parkway, Henderson, Nevada 89074.  Upon information and belief,

13 VEGAS.COM owns and operates discount ticket booths in Nevada via Tix4Less.

14    8.    Upon information and belief, plaintiffs allege that defendants conduct

15 business in interstate commerce in the United States and/or conduct business or

16 purposefully direct their business to California and this District; that the claims

17 alleged herein arise from defendants' acts or omissions in the United States and in or

18 purposefully directed to California and this District; that defendants purposefully

19 directed its activities to residents in the United States, California and this District;

20 and that defendants' acts or omissions have damaged TIX and TIX4TONIGHT and

21 its property in the United States, in California and in this District.

22    9.    Upon information and belief, each of the defendants acted as agents

23 and co-conspirators of each other in performing the acts and conduct alleged herein

24 and each has directly or indirectly aided and abetted the performance thereof or

25 knowingly acquiesced in, ratified and accepted the benefits of such acts and

26 conduct, and therefore each of these defendants is jointly and severally liable to TIX

27 and TIX4TONIGHT as alleged herein.

28

1

## FACTUAL BACKGROUND

2 **TIX**

3       10.    TIX is a publicly traded entertainment company headquartered in Los

4 Angeles. TIX wholly owns and operates its subsidiary TIX4TONIGHT, which is

5 well-known for selling discount tickets and owns and operates several ticket booths

6 along Las Vegas Boulevard in Las Vegas, Nevada, also known as "the Strip" and at

7 the Fremont Street Experience, where customers can purchase discount tickets for

8 popular shows and other live events. Customers can also purchase tickets for dinner

9 ("Tix4Dinner") and golf ("Tix4Golf") at TIX4TONIGHT booths. In 2008 alone,

10 TIX sold more than one million discount tickets to live events and more than

11 250,000 discounted dinner reservations, via TIX4TONIGHT booths.

12       11.    Plaintiffs also own and operate Tix4AnyEvent which sells premium

13 tickets to concerts, sports and theater events throughout the United States and

14 Canada.

15       12.    Plaintiffs also own and operate Tix4Members which sells group tickets

16 for concerts, sports and theater events in California and throughout the United States

17 via Costco and its website and also through the co-branded website,

18 Tix4Members.com.

19       13.    Further, plaintiffs own and operate Tix4Golf and Tix4Golf.com

20 through which golfers reserve tee times at golf courses.

21       14.    TIX also owns and operates Tix Productions, and is the fifteenth largest

22 presenter of live entertainment in the world. Tix Productions is currently producing

23 and or presenting over nine traveling shows, including Wicked, Rain, 101

24 Dalmations, and Lord of the Dance, among others.

25       15.    TIX also creates branded and themed merchandise for shows and

26 museum exhibits, such as King Tut, Real Pirates and 101 Dalmatians.

27

28

**TIX4TONIGHT**

16.    Since its inception in 2004, TIX4TONIGHT has achieved unparalleled success in offering discount tickets to shows, dinner and golf.

17.    TIX founder and C.E.O., Mitch Francis, came up with the idea for TIX4TONIGHT in 2000 when he saw a discount ticket booth in New York's Time Square. He looked for a similar discount ticket seller in Las Vegas and when he found that none existed, he formed Tickets2Tonite, in 2002, which evolved into TIX4TONIGHT and opened on January 1, 2004. In fact, tickets sold and revenue generated has increased by approximately 50% each and every year from 2004 to 2008.

18.    The success of TIX4TONIGHT is due in large part to its unique marketing and expenditure of substantial resources on advertising and promotional activities. Since 2004, plaintiffs have spent millions on advertising and promotion. TIX4TONIGHT has seven Las Vegas ticket booths, strategically located in high foot-traffic locations along the Strip and at the Fremont Street Experience. Plaintiffs have invested significant sums in acquiring such "billboard quality real estate", and its location and on-site billboards, signs and advertisements are its main source of advertising. In fact, plaintiffs spend approximately $700,000 per year on advertising, marketing and promotion.

19.    While plaintiffs have gained common law trademark rights to the TIX marks in the United States through such use and advertising, plaintiffs have also sought to protect their valuable trademark rights by filing for and obtaining federal trademark registrations (the "TIX Marks"). Such applications and registrations include, for example,

| Trademark | Reg. No. | Date |
|-----------|----------|------|
| TIX4 TONIGHT | 3,255,515 | Registered June 26, 2007 |
| TIX 4 DINNER | 3,442,690 | Registered June |

| | | 3, 2008 |
|---|---|---|
| TIX4 | Serial No. 77670322 | Filed February 13, 2009 |
| TIX4GOLF | Serial No. 77669437 | Filed February 12, 2009 |
| TIX4ANYEVENT | Serial No. 77669445 | Filed February 12, 2009 |
| TIX4MEMBERS | 77670313 | Filed February 13, 2009 |

20.    Plaintiffs have also developed a well-recognized trade dress. For example, TIX4TONIGHT signs and advertisements show a yellow ticket against a red background or with a red banner using a combination of the colors red, yellow and white. True and correct copies of plaintiffs' trade dress are attached hereto as Exhibit 1.

21.    Consumers and/or purchasers in the United States, California and this district have come to recognize the TIX Marks and its trade dress and associate them exclusively with plaintiffs. Plaintiffs have acquired a valuable reputation and goodwill among the public as a result of such association.

22.    Plaintiffs have not licensed or otherwise consented to the use of TIX Marks and trade dress or any confusingly similar trademarks and/or trade dress by defendants.

**Defendants' Wrongful and Infringing Conduct**

23.    Upon information and belief, VEGAS.COM is a site for tourists visiting the Las Vegas area. VEGAS.COM offers hotel reservations, tickets to Las Vegas shows and attractions and travel packages via its website that are directed to consumers throughout the United States, and particularly to residents of California who comprise the largest single group of travelers to Las Vegas by a wide margin. In fact, VEGAS.COM extensively advertises and promotes its goods and services throughout Los Angeles and California via advertisements on television and in the

1  Los Angeles Times and via the web.  VEGAS.COM also owns and operates ticket

2  booths in the Burbank airport and Baker, California, which offer discount tickets to

3  Las Vegas shows, among other goods and services.

4         24.    Upon information and belief, Tix4Less promotes and sells discount

5  tickets to Las Vegas shows and live events.  Defendants own and operate

6  approximately five ticket booth locations in the Las Vegas area that primarily serve

7  the tourist trade.

8         25.    Upon information and belief, VEGAS.COM and Tix4Less are both

9  owned and operated by the Greenspun family of companies.  Both are headquartered

10  in the same location, have the same registered agent and are managed by Brian L.

11  Greenspun and his staff.

12         26.    Further, when a dispute arose last month involving a proposed

13  Tix4Less kiosk on the sidewalk directly outside already existing TIX4TONIGHT

14  and Tix4Less booths, it was VEGAS.COM who attended and presented evidence to

15  the planning commission board, on behalf of Tix4Less.

16         27.    Defendants' use of the name Tix4Less and design in connection with

17  the sale of discount tickets is confusingly similar to the TIX marks, specifically the

18  TIX4TONIGHT mark and trade dress.  For example, defendants use the same

19  yellow ticket and color combination of red, yellow and white in their logo, signs,

20  displays and other advertising, which is confusingly similar to TIX4TONIGHT's

21  use of a yellow ticket and combination of red, yellow and white on its signs and

22  other advertising and promotional materials.  True and correct copies of photographs

23  depicting defendants and TIX4TONIGHT's signs and booths are attached hereto as

24  Exhibit 2.

25         28.    Further, defendants' employees wear yellow uniforms confusingly

26  similar to the yellow uniforms worn by TIX4TONIGHT employees, which forced

27  TIX4TONIGHT to recently change its uniform.  True and correct photographs

28

1  depicting the uniforms of defendants and TIX4TONIGHT's employees are attached

2  hereto as Exhibit 3.

3      29.    Moreover, defendants have also copied the display board layout and

4  blue and black color combination that TIX4TONIGHT uses to show customers the

5  tickets on sale, which forced TIX4TONIGHT to recently change its displays.  True

6  and correct photographs depicting defendants and TIX4TONIGHT's display boards

7  are attached hereto as Exhibit 4.

8      30.    Upon information and belief, defendants only recently began offering

9  discount tickets under the name Tix4Less in booths set up along the Strip and

10  around the Las Vegas area.  In fact, defendants have set up a booth approximately

11  150 feet away from Tix4Tonight's well-known ticket booth inside a giant Coca-

12  Cola bottle on the Strip, for which location plaintiffs pay over one million dollars in

13  rent each year.  A true and correct copy of a photograph showing the proximity of

14  the two booths is attached hereto as Exhibit 5.

15      31.    Despite the fact that defendants already have a booth at this location,

16  they successfully lobbied the planning commission to allow them to construct a

17  kiosk on the sidewalk directly outside their existing booth to also sell discount

18  tickets under the name Tix4Less, which will substantially block foot traffic and

19  impede customers from reaching the TIX4TONIGHT booth.  True and correct

20  photographs of the kiosk defendants intend to set up directly outside of their existing

21  booth are attached hereto as Exhibit 6.

22      32.    Upon information and belief, defendants had knowledge of plaintiffs

23  and the TIX Marks and have adopted the Tix4Less name and design intentionally

24  and in bad faith to trade off the enormous goodwill plaintiffs have developed in

25  TIX4TONIGHT and its other TIX4 products and services.  Defendants committed

26  the actions described herein intentionally and in bad faith, with the intent to cause

27  confusion and mistake; to deceive the public at large into believing that defendants

28

are affiliated, connected or associated with, and/or otherwise sponsored, approved and/or authorized by plaintiffs.

33.    In committing these unlawful acts, defendants have, among other things, willfully and in bad faith: (i) infringed plaintiffs rights in its TIX Marks and trade dress; (ii) misled the public into associating defendants' Tix4Less mark and design with the TIX Marks and trade dress; and (iii) harmed plaintiffs goodwill and business reputation.  Unless enjoined, defendants will continue to cause such irreparable harm to plaintiffs.

## **FIRST CLAIM FOR RELIEF**
Infringement of Federally Registered Trademarks (15 U.S.C. § 1114(1))

34.    Plaintiffs reallege and incorporate by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

35.    Plaintiffs have continuously used their TIX4TONIGHT and TIX4 Marks in interstate commerce since as early as January 1, 2004; its TIX4DINNER mark since approximately September, 2006; its TIX4GOLF mark since approximately March, 2006; its TIX4ANYEVENT mark since approximately January 2007; and its TIX4MEMBERS since approximately February, 2009.

36.    Plaintiffs, as the owner of all right, title and interest in and to the TIX Marks, have standing to maintain an action for trademark infringement under the Federal Trademark Statute, Lanham Act § 32(1), 15 U.S.C. § 1114(1).

37.    Defendants, without plaintiffs' consent, have used a trademark confusingly similar to and a colorable imitation of the TIX Marks in commerce on or in connection with the sale, offering for sale, distribution, promotion and/or advertising of their goods and services, and such use is likely to cause confusion, or to cause mistake or to deceive.

1    38.    Upon information and belief, defendants' acts have been committed

2 with knowledge of plaintiffs' exclusive rights in the TIX Marks, as well as with bad

3 faith and the intent to cause confusion, or to cause mistake and/or to deceive.

4    39.    As a result of defendants' trademark infringement, plaintiffs have

5 suffered and will continue to suffer substantial and irreparable injury, loss and

6 damage to their rights in and to the TIX Marks, and the goodwill associated

7 therewith, for which they have no adequate remedy at law.

8    40.    Due to the acts of defendants, plaintiffs have suffered and will continue

9 to suffer losses, including loss of business opportunities, and, if not preliminarily

10 and permanently enjoined, defendants will have unfairly derived and will continue

11 to unfairly derive income, profits and business opportunities as a result of their acts

12 of infringement.

13    41.    As the acts alleged herein constitute infringement of the TIX Marks

14 under 15 U.S.C. § 1114, and as plaintiffs have no adequate remedy at law, plaintiffs

15 are entitled to injunctive relief as well as monetary damages and other remedies

16 provided by 15 U.S.C. §§ 1116, 1117 and 1118, including defendants' profits, treble

17 damages, reasonable attorneys' fees, costs and prejudgment interest.

18

19    **SECOND CLAIM FOR RELIEF**

20    Unfair Competition/Trademark and Trade Dress Infringement

21    (15 U.S.C. § 1125 (a)(1)(A))

22

23    42.    Plaintiffs reallege and incorporate by reference each and every

24 allegation contained in each of the above paragraphs as if fully set forth herein.

25    43.    Plaintiffs, as the owner of all common law right, title and interest in and

26 to the TIX Marks and trade dress, have standing to maintain an action for unfair

27 competition/trademark and trade dress infringement under the Federal Trademark

28 Statute 43(a) (Lanham Act), 15 U.S.C. § 1125(a).

44.    Defendants, without authorization, on or in connection with their goods and services, used in commerce the Tix4Less name and design which is confusingly similar to the TIX Marks and constitutes false designation of origin, false or misleading description of fact and/or false or misleading representation of fact, which are likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association of defendants with plaintiffs, and/or as to the origin, sponsorship or approval of defendants' goods or services, or commercial activities.

45.    Upon information and belief, defendants' acts have been committed with knowledge of plaintiffs' exclusive common law rights and goodwill in the TIX Marks as well as bad faith and the intent to cause confusion, or to cause mistake, and/or to deceive.

46.    Defendants' conduct alleged herein infringes plaintiffs' common law trademark and trade dress rights, and constitutes common law trademark and trade dress infringement of plaintiffs' proprietary rights, as well as false designation of origin, false or misleading representation of fact and/or unfair competition.

47.    Plaintiffs have suffered, and, if defendants are not enjoined from their wrongful acts of trademark infringement, false designation of origin, false or misleading representation of fact and/or unfair competition as described herein, plaintiffs will continue to suffer, great and irreparable injury, loss and damage to its rights in and to the TIX Marks and the goodwill associated therewith, for which they have no adequate remedy at law.

48.    Due to the acts of defendants, plaintiffs have suffered and will continue to suffer losses, including loss of business opportunities, and, if not preliminarily and permanently enjoined, defendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of their acts of infringement.

49.    As the acts alleged herein violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and as plaintiffs have no adequate remedy at law, plaintiffs are entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§ 1116, 1117 and 1118, including defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## THIRD CLAIM FOR RELIEF

Common Law Unfair Competition

50.    Plaintiffs reallege and incorporate by reference each and every allegation contained in each of the above paragraphs as if fully set forth herein.

51.    Defendants' acts alleged above constitute passing off and unfair competition at common law.

52.    Upon information and belief, defendants performed the above-mentioned acts for the purpose of injuring plaintiffs. The above-described acts continue to this day and present a threat to plaintiffs and the general public, the trade and consumers.

53.    As a result of defendants' wrongful acts, plaintiffs have suffered and will continue to suffer loss of income, profits and valuable business opportunities, and, if not preliminarily and permanently enjoined, defendants will have unfairly derived and will continue to unfairly derive income, profits and business opportunities as a result of their wrongful acts.

54.    Defendants' wrongful conduct described above was oppressive, fraudulent and malicious, entitling plaintiffs to an award of punitive and exemplary damages in a sum sufficient to punish and make an example of defendants.

## PRAYER FOR RELIEF

TIX and TIX4TONIGHT respectfully request the following relief:

1.    That the Court rule as follows:

    a.  That defendants' use of the Tix4Less name and design infringes the TIX Marks and trade dress;

    b.  That defendants' use of the Tix4Less name and design constitutes unfair competition;

    c.  That defendants be preliminarily and permanently enjoined, along with their assignees, transferees, employees, agents and representatives, and all other persons, firms or entities in concert or participating with them, from:

        i.  Using, displaying, advertising, promoting, registering, transferring, or assigning, including on or in connection with any products, services, promotional items, signage, domain names or websites, the TIX Marks and trade dress or any confusingly similar trademarks and trade dress, including but not limited to the Tix4Less name and design;

        ii.  Doing or allowing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade or prospective purchasers of TIX and TIX4TONIGHT's products as to the source of defendants' goods and services, or likely to deceive members of the public or the trade or prospective purchasers of defendants' goods and services into believing there is some association, connection or affiliation with and/or sponsorship or approval by TIX and TIX4TONIGHT;

        iii.  Doing or allowing any act or thing which might injure TIX or TIX4TONIGHT's business reputation or goodwill; and

1           iv.  Engaging in acts of Federal or common law trademark or

2               trade dress infringement that would damage or injure TIX or

3               TIX4TONIGHT and/or the TIX Marks or trade dress.

4        d.  That defendants, pursuant to 15 U.S.C. § 1118, be ordered to deliver

5           up for destruction all labels, signs, prints, packages and other

6           materials in the possession of defendants bearing the Tix4Less name

7           and/or design, the TIX Marks or any confusingly similar trademark,

8           trade dress, service mark, trade name, or domain name, or any

9           colorable imitation thereof, and all plates, molds, matrices and other

10         means of making these items.

11      e.  That defendants, pursuant to 15 U.S.C. § 1116(a), be directed to file

12         with this Court and serve upon TIX and TIX4TONIGHT within

13         thirty (30) days after service of the injunction a report in writing

14         under oath setting forth in detail the manner and form in which it

15         has complied with the injunction;

16      f.  That this is an exceptional case within the meaning of 15 U.S.C. §

17         1117 and common law and that defendants' acts of trademark

18         infringement and unfair competition were knowing and willful;

19      g.  That an accounting be ordered as to all of the profits realized by

20         defendants, or others acting in concert or participation with them,

21         from defendants' unauthorized use of the TIX Marks or trade dress

22         or any confusingly similar trademarks or trade dress, including but

23         not limited to the Tix4Less name and/or design, and defendant's

24         acts of unfair competition.

25    2.  As to all claims, that TIX and TIX4TONIGHT be awarded damages,

26        including defendants' profits and treble and punitive damages, reasonable

27        attorneys' fees, costs and prejudgment interest in an amount to be

28

Complaint

1 | ascertained pursuant to applicable laws, including, without limitation, 15

2 | U.S.C. § 1117 and common law; and

3 |    3.  That TIX and TIX4TONIGHT be granted such other and further relief as

4 | the Court deems just and proper.

5 | DATED:  October 23, 2009      **PRUETZ LAW GROUP LLP**

6 |

7 |

8 | By  _____

9 | Adrian M. Pruetz
Attorneys for Plaintiff
Tix Corporation and Tix 4 Tonight, LLC

-14-
Complaint

## DEMAND FOR JURY TRIAL

Plaintiffs Tix Corporation and Tix4Tonight, LLC respectfully request a jury trial on all issues triable by jury.

DATED: October 23, 2009          **PRUETZ LAW GROUP LLP**


By _____
    Adrian M. Pruetz
    Attorneys for Plaintiff
    Tix Corporation and Tix4Tonight, LLC